UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN CRUMLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | Case No.17-cv-07144-VKD<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKING IMPROPER MOTION TO AMEND**<br><br>Re: Dkt. Nos. 25, 43 |

Plaintiff Kevin Crumley sues for alleged violations of California law in connection with his home mortgage loan for the property located at 204 Highland Drive in Aptos, California ("Property"). Briefly stated, Mr. Crumley contends that defendants failed to adequately explore foreclosure avoidance options, in violation of the California Homeowners Bills of Rights ("HBOR"). The original complaint alleged nine claims for relief: (1) violation of HBOR, Cal. Civ. Code § 2923.55; (2) violation of HBOR, Cal. Civ. Code § 2923.6; (3) violation of HBOR, Cal. Civ. Code § 2923.7; (4) violation of HBOR, Cal. Civ. Code § 2924.12; (5) breach of contract; (6) breach of the covenant of good faith and fair dealing; (7) negligence; (8) negligent infliction of emotional distress; and (9) unfair business practices, Cal. Bus. & Prof. Code § 17200.

The matter was removed here on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court subsequently granted a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-

AR10 ("U.S. Bank").[1]  Mr. Crumley was given leave to amend only as to three claims: HBOR, Cal. Civ. Code § 2923.7; HBOR, Cal. Civ. Code § 2924.12; and Cal. Bus. & Prof. Code § 17200.

Mr. Crumley filed a First Amended Complaint ("FAC").[2]  Pursuant to Fed. R. Civ. P. 12(b)(6), Wells Fargo[3] now moves to dismiss the FAC, arguing that Mr. Crumley still fails to state a plausible claim for relief.  Mr. Crumley opposes the motion.  As discussed more fully below, he also improperly used his opposition as a means to argue for leave to file an amended pleading that adds more facts and new claims for relief.  Upon consideration of the moving and responding papers, as well as the arguments presented at the June 26, 2018 hearing, the court grants Wells Fargo's motion to dismiss, strikes Mr. Crumley's improperly filed motion to amend (and supporting documents), and grants Mr. Crumley leave to seek permission to amend within certain limits, as discussed more fully below.[4]

## I. BACKGROUND

Solely for the purpose of resolving Wells Fargo's Fed. R. Civ. P. 12(b)(6) motion, the allegations of the FAC are deemed true.  They are as follows:

Mr. Crumley purchased the Property sometime in 2002 and has used it as his primary residence since that time.  Dkt. No. 24, FAC ¶ 17.

In February 2004, Mr. Crumley obtained a home loan from Wells Fargo Home Mortgage, Inc. for $395,000, secured by the Property.  FAC ¶ 18, Ex. A.

In 2011, Mr. Crumley fell off a cliff, resulting in injuries that prevented him from returning to work.  FAC ¶ 20.  Foreseeing that he would have difficulty making his monthly mortgage

---

[1] Defendant Quality Loan Service Corporation ("QLS") is the alleged foreclosure trustee. Although QLS consented to the removal of this action, it has not been actively participating in these proceedings.

[2] Although Mr. Crumley's FAC was filed a day late, neither Wells Fargo nor U.S. Bank take issue with the belated filing.  Nevertheless, in the future Mr. Crumley and his counsel are admonished to adhere to all court-ordered deadlines.

[3] U.S. Bank has not joined in the present motion, presumably because Mr. Crumley's present claims appear to implicate only Wells Fargo.

[4] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

payments (which had ballooned from $1,876.00 to $3,524.00), Mr. Crumley contacted Wells Fargo in the Fall of 2011 to ask for assistance with his mortgage and about options for avoiding foreclosure. *Id.* ¶ 21. He was told that he was not eligible for assistance because he was not behind in his payments. *Id.* ¶ 22.

Mr. Crumley managed to stay current in his mortgage payments until February 2012. At that time, he again contacted Wells Fargo to request a loan modification or other foreclosure prevention alternatives. Wells Fargo told him that he was not far enough behind in his payments to be eligible for relief and that he should contact them again when he had missed more payments. FAC ¶ 23.

In May 2012, after missing several months of mortgage payments, Mr. Crumley contacted Wells Fargo to again ask for mortgage assistance. Around June 29, 2012, Wells Fargo sent him a letter identifying some foreclosure prevention options that might be available to him, along with an application for a loan modification. Mr. Crumley says he promptly submitted the application. FAC ¶ 24.

Between June 29 and July 4, 2012, Wells Fargo sent Mr. Crumley a series of letters identifying several foreclosure prevention specialists that had been assigned to his loan: Shederian Walls, Lee Smith, and Andrea Williams. FAC ¶ 25. Mr. Crumley alleges that since each letter identified a different individual, he was not given a clear point of contact regarding his loan. In any event, he claims that his "efforts to speak with any of the people identified in these letters was unavailing." *Id*.

On July 6, 2012, a Corporate Assignment of Deed of Trust ("DOT") was recorded on the Property, reflecting an assignment of the DOT from Wells Fargo Home Mortgage, Inc. to U.S. Bank. FAC ¶ 19, Ex. B.

On July 10, 2012, Wells Fargo sent Mr. Crumley a letter advising that his loan modification application was denied because U.S. Bank declined to modify the mortgage. Mr. Crumley says he later learned that the reason U.S. Bank declined to modify his loan is because the loan had been securitized. FAC ¶ 26. *Id.* Further, Mr. Crumley alleges, on information and belief, that "his loan had not been securitized when he first contacted Wells Fargo, and that Wells

Fargo knew or should have known that Plaintiff's loan would have been eligible for a modification but for the assignment to U.S. Bank." *Id.* As a result, Mr. Crumley claims that Wells Fargo "deprived [him] of the opportunity to seek other means to avoid foreclosure, such as selling his home, or refinancing his loan." *Id.,* ¶ 27.

Additionally, Mr. Crumley alleges that he relied on Wells Fargo's representations that he would not be eligible for a modification until he was sufficiently behind on his payments. As a result, Mr. Crumley says that he fell far behind on his mortgage and lost all the equity he had in the Property. FAC ¶ 28.

In September 2012, Mr. Crumley filed for Chapter 13 bankruptcy in order to avoid losing his home. FAC ¶ 29.

Several years later, in April 2016, plaintiff submitted to Wells Fargo a second loan modification application, which was denied in November 2016. FAC ¶ 32. Mr. Crumley alleges that the denial was made on "several inaccurate grounds, including, *inter alia*, that Plaintiff had too much equity in his home and an inaccurate analysis of the net present value of the Subject Property." *Id*.

Meanwhile, throughout his bankruptcy proceedings, Mr. Crumley remained current on his mortgage payments (ranging from $1,200.00 to $1,600.00). FAC ¶ 29. His bankruptcy was discharged in February 2017. *Id.* Mr. Crumley subsequently contacted Wells Fargo to request a loan modification, but was again told that he was ineligible because he was not behind on his payments. *Id*. ¶ 30.

Mr. Crumley further alleges that he consistently told Wells Fargo that he wanted to keep his home and that Wells Fargo allegedly provided false assurances that the home would not be sold. Mr. Crumley claims that in phone conversations, which he believes Wells Fargo recorded, Wells Fargo employees told him that he would be approved for a loan modification, especially when Mr. Crumley offered to make a down payment of $100,000 toward past due payments. FAC ¶ 33.

On May 17, 2017, QLS recorded a Notice of Default. FAC ¶ 31.

On August 17, 2017, QLS recorded a Notice of Trustee's Sale, setting a sale date of September

4

19, 2017. FAC ¶ 35, Ex. D. Shortly before the scheduled sale, Mr. Crumley says he spoke with Wells Fargo (in a conversation that he believes Wells Fargo recorded) and said that he wanted to keep his home. Wells Fargo told him that "his application was being denied" and that the foreclosure sale date would not be continued. FAC ¶ 34.

Further, Mr. Crumley alleges that despite his requests for assistance, he was "not provided a 'case manager' in compliance with California [Civil] Code § 2923.7 at any point after January 1, 2013 and to this date." FAC ¶ 36. As a result, Mr. Crumley says he suffered damages, including "back dues and interest that has accrued to date, the loss of a permanent modification, the loss of the opportunity to pursue other foreclosure prevention options, the loss of the reinstatement amount he paid which included late fees and interest, [and] the cost and expense of the instant pending litigation . . . ." FAC ¶ 39.

As discussed above, the FAC asserts three claims for relief: (1) violation of HBOR, Cal. Civ. Code § 2923.7; (2) declaratory relief, Cal. Civ. Code § 2924.12; and (3) unfair business practices, Cal. Bus. & Prof. Code § 17200. Because the viability of the second and third claims depends upon the viability of the first, the following discussion focuses on Mr. Crumley's claim for alleged violation of HBOR § 2923.7. For the reasons to be discussed, the Court concludes that the FAC fails to state a claim for violation of § 2923.7. The claims for relief under Cal. Civ. Code § 2924.12 and Cal. Bus. & Prof. Code § 17200 therefore also fail.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those

5

conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp.2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

## III. DISCUSSION

### A. First Amended Complaint

HBOR section 2923.7 provides: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact [SPOC] and provide to the borrower one or more direct means of communication with the [SPOC]." Cal. Civ. Code § 2923.7(a). A SPOC "means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described in [§ 2923.7(b)-(d)], inclusive." *Id.* § 2923.7(e). "The mortgage servicer shall ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." *Id.* The SPOC individual or team is responsible for ensuring that the

borrower is adequately and timely assisted, including communicating the process for applying for foreclosure prevention alternatives; coordinating the receipt of documents; notifying the borrower of any missing documents needed to complete the application; and timely, accurately, and adequately informing the borrower of the current status of the foreclosure prevention alternative. *Id.* § 2923.7(b)(1)-(5).

The purpose of the SPOC provision is "to prevent borrowers from being given the run-around." *Rockridge Trust v. Wells Fargo, N.A.*, No. 13-cv-01457-JCS, 2014 WL 688124, at *23 (N.D. Cal., Feb. 19, 2014) (citing *Jolley v. Chase Home Fin., LLC*, 213 Cal. App.4th 872, 904-05 (2013). "Among other things, this point of contact must possess sufficient knowledge about foreclosure alternatives, and she must have access to individuals who have the ability and authority to stop foreclosure proceedings." *Id*. (citing Cal. Civ. Code § 2923.7(b)). "In order to properly allege a claim under section 2923.7, a plaintiff must allege that a violation of the provision was the cause of actual economic damages." *Id.* (citing Cal. Civ. Code § 2924.12(b)).

Wells Fargo argues that this claim fails because (1) there are no allegations that Mr. Crumley requested a SPOC, hence the § 2923.7 obligations were not triggered; and (2) even if Mr. Crumley requested a SPOC, the FAC's allegations do not indicate that Wells Fargo failed to comply with the obligations imposed by the statute.

District courts are split on the question whether a borrower is required to request a SPOC in order to trigger § 2923.7.[5] Nevertheless, at oral argument, Mr. Crumley's counsel agreed that a request for a SPOC must be made and insisted that Mr. Crumley made such a request numerous times. Wells Fargo correctly notes that no such allegation appears in the FAC. Moreover, the Court agrees that the FAC's allegations do not demonstrate that Wells Fargo otherwise failed to comply with the requirements of § 2923.7. Mr. Crumley simply points to an allegation that he "was not provided a 'case manager' in compliance with California [Civil] Code § 2923.7 at any point after January 1, 2013 and to this date." FAC ¶ 36. The FAC goes on to allege that the SPOC "provided by Defendants, if any, was either not willing to, or not provided with the ability

[5] No party has cited, and this Court has not found, binding authority on point.

to actually help Plaintiff; which is tantamount to not having a [SPOC]." *Id*. ¶ 37. With respect to Mr. Crumley's April 2016 loan modification application, the FAC further alleges that Wells Fargo did not properly process Mr. Crumley's papers, inaccurately found that he had too much equity in his home, and did not accurately analyze the net present value of the Property. *Id*. ¶ 32. However, there are no facts pled to support any of these allegations.

At the motion hearing, Mr. Crumley did not refute these deficiencies. Instead, he clarified that he does not contend that only one individual should have been assigned as a SPOC. Rather, he said that the focus of his § 2923.7 claim is that the services required under that statute were not provided. He also asked the Court to consider additional facts and new claims for relief that he now wants permission to include in a Second Amended Complaint. Those additional facts and new claims were outlined for the first time in Mr. Crumley's opposition papers, followed by an improperly noticed motion for leave to file a Second Amended Complaint filed late on the eve of the hearing on the present motion to dismiss. As Mr. Crumley's counsel acknowledges, seeking leave to amend in this manner does not comply with the Court's rules and is procedurally improper. Accordingly, the Court strikes the improper motion to amend (and supporting documents) and has not considered those papers in ruling on the present motion.

Even putting aside the procedural improprieties, Wells Fargo argues that the additional facts asserted in Mr. Crumley's opposition fail to state a claim for relief. Most importantly, says Wells Fargo, any claim for violation of § 2923.7 based on alleged events in 2013 are time-barred. Here, Wells Fargo argues that a claim for violation of § 2923.7 must be brought within three years of the alleged violation, citing *Davis v. U.S. Bancorp*, No. 5:15-cv-02337-PSG, 2015 WL 5676022, at *2 (N.D. Cal., Sept. 28, 2015) ("California law imposes a three-year statute of limitations for causes of action created by statute.") (citing Cal. Code Civ. Proc. § 338(a)). Because the present lawsuit was not filed until November 2017, Wells Fargo contends that Mr. Crumley's claims are too late. Moreover, as Mr. Crumley acknowledged during the hearing, because the HBOR, which took effect on January 1, 2013, does not apply retroactively, the many allegations in the FAC that refer to events dating back to 2012 do not support a claim for relief under § 2923.7.

8

With respect to the claims as currently pled, the Court finds that the FAC does not state a claim for relief under HBOR § 2923.7. The motion to dismiss that claim therefore is granted. Mr. Crumley's second claim seeks relief under HBOR § 2924.12, which provides a private right of action and remedies for material violations of HBOR, including § 2923.7. The Court having dismissed Mr. Crumley's § 2923.7 claim, it also dismisses his § 2924.12 claim. Mr. Crumley's third claim for relief under Cal. Bus. & Prof. Code § 17200 necessarily also rises or falls with his other claims and is dismissed. *See Pantoja v. Countrywide Homs Loans, Inc.*, 640 F. Supp.2d 1177, 1190 (N.D. Cal. 2009) (concluding that the plaintiff could not state a claim under Cal. Bus. & Prof. Code § 17200 or § 17500 because the court dismissed "all of [his] predicate violations").

### B. Request for Leave to Amend

As Mr. Crumley admits, his request for leave to file a Second Amended Complaint was improper. However, to the extent Mr. Crumley says he has additional facts that can be pled to save the claims that were asserted in the FAC, the Court notes that this will be his third attempt to state a claim for relief. Moreover, the Court remains concerned about Wells Fargo's contention that Mr. Crumley's claims are time-barred. However, the Court acknowledges that Wells Fargo's statute of limitations argument was raised for the first time in the reply papers, and neither side has addressed whether there might be a basis (e.g., Mr. Crumley's bankruptcy filing) for tolling any untimely claims. Accordingly, Mr. Crumley will be permitted to seek leave to file a Second Amended Complaint to include additional facts in support of his claims under HBOR § 2923.7, HBOR § 2924.12, and Cal. Bus. & Prof. Code § 17200.

To the extent Mr. Crumley wishes to add new claims for relief, he will be given leave to seek permission to do so. This must be done in the form of a properly noticed motion that complies with both the Federal Rules of Civil Procedure and the Civil Local Rules of this Court. Further, any motion for leave to add new claims for relief must be limited to the three new claims identified in Mr. Crumley's opposition papers, i.e., "Accounting Errors," "Negligent Misrepresentation," and "Intentional Misrepresentation." Dkt. No. 31-1 at 3:27-4:1.

In granting Mr. Crumley leave to proceed with a motion for leave to file a Second Amended Complaint, the Court emphasizes that he is being allowed to do so only insofar as he

9

believes he and his counsel can do so consistent with their obligations under Fed. R. Civ. P. 11. Additionally, the Court expects to address all issues concerning the propriety of Mr. Crumley's desired amendments in a single round of motion practice. To that end, the parties are directed to comply with the procedures set out below. Finally, Mr. Crumley is strongly encouraged to promptly provide defendants with a copy of his proposed amended pleading, in advance of any motion practice, so that the parties may confer, in good faith, to narrow or resolve any disputes with respect to the proposed amendments.

## ORDER

Based on the foregoing, the Court orders as follows:

1. Wells Fargo's Fed. R. Civ. P. 12(b)(6) motion to dismiss the FAC is granted as to all claims for relief. If Mr. Crumley can do so consistent with his obligations under Fed. R. Civ. P. 11, he may to seek leave to amend those claims in a Second Amended Complaint.

2. If Mr. Crumley can do so consistent with his obligations under Fed. R. Civ. P. 11, he may also seek leave to assert claims in a Second Amended Complaint for "Accounting Errors," "Negligent Misrepresentation," and "Intentional Misrepresentation."

3. Mr. Crumley's improper motion to amend and supporting declarations filed on June 25, 2018 (Dkt. Nos. 43, 43-1, and 43-2) are stricken.

4. Instead, Mr. Crumley must file a properly noticed motion to amend as to the claims asserted in the FAC and the three new claims he wishes to assert. That motion must be filed by **July 10, 2018** and noticed for hearing on **August 14, 2018, 10:00 a.m.** A copy of Mr. Crumley's proposed Second Amended Complaint must be appended to his motion. Mr. Crumley is admonished to comply with Fed. R. Civ. P. 11, all applicable federal rules, and the Court's Civil Local Rules.

5. In opposition to Mr. Crumley's motion to amend, Wells Fargo (and U.S. Bank, if it chooses to join in any opposition) may and should assert all bases for a challenge to the proposed amendments of Mr. Crumley's previously asserted claims, as well as any new claims he seeks leave to add. Although the Court does not invite unnecessary

additional briefing on the matter, the Court is willing to entertain timely and reasonable requests by Wells Fargo and U.S. Bank for leave to submit a sur-reply to address any new matters that are raised for the first time in Mr. Crumley's reply papers.

**IT IS SO ORDERED.**

Dated: June 27, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge